IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| George Gatlin,                  )<br>         Plaintiff,    )<br>                                 )<br>v.                               )<br>                                 )<br>P.O. A. Criscione, Star #16195, )<br>P.O. S. Mulkerrin, Star # 17071, )<br>Anthony Caputo, individually, and )<br>The City of Chicago, S&H Towing, )<br>and Bill Kay Chrysler,           )<br>         Defendants.    ) | No. 07 C 7212<br><br>Honorable Joan Humphrey Lefkow |

### OGDEN CHRYSLER PLYMOUTH INC.'S
### MOTION TO STAY AND COMPEL ARBITRATION

Defendant, Ogden Chrysler Plymouth, Inc., sued herein as Bill Kay Chrysler ("Bill Kay"), by and through its attorneys, Gordon & Karr LLP, and in lieu of its answer, moves this Court to stay these proceedings against it and to compel plaintiff to submit his claims against it to arbitration pursuant to the Federal Arbitration Act (9 U.S.C. § 1, *et seq.*), and § 2 of the Illinois Uniform Arbitration Act (710 ILCS 5/2). In support of this motion, Bill Kay states as follows:

    1.    On or about May 2, 2007, plaintiff signed documents to purchase a used 2006 Chrysler 300 (the "vehicle") from Bill Kay. A copy of the purchase contract/bill of sale is attached hereto as Exhibit A. The purchase contract was contingent upon Bill Kay's ability to procure a third party willing to finance the purchase, and plaintiff was obligated to return the vehicle within 24 hours if Bill Kay was unable to do so. The plaintiff also signed an Arbitration Agreement wherein he agreed to submit all disputes

1

with Bill Kay to an arbitration to be conducted under the rules of the American Arbitration Association.  A copy of the Arbitration Agreement is attached as Exhibit B.

2. After Bill Kay was unable to procure a financing source, plaintiff refused to return the vehicle.  Bill Kay then hired Illinois Solutions Group (and not S&H Towing) to repossess the vehicle, as was Bill Kay's right pursuant to the purchase contract/bill of sale. (Exhibit A, ¶ 10)  Defendant Caputo is affiliated with Illinois Solutions Group.  Apparently plaintiff was arrested during the course of repossession, after Caputo told police officers that plaintiff had a weapon.  (Complaint, ¶¶ 11 and 12)

3. The complaint contains two counts against Bill Kay.  Count V is a "Supplemental State Claim", which alleges a "false arrest" and is apparently related to a weapons charge.  (Complaint, ¶ 17)  Count VII is a "Supplemental State Claim" alleging "malicious prosecution".  In Count VII, plaintiff alleges that Caputo "maliciously commenced and caused to be continued a proceeding against plaintiff without probable cause".  Whether the "proceeding" related to the weapon, or a "criminal charge of defrauding a financial institution" purportedly initiated by Caputo (Complaint, ¶ 21), is not clear.  In both counts, Bill Kay is sued on a *respondent superior* theory, with plaintiff asserting that Caputo was Bill Kay's "employee/agent".  (Complaint, ¶ 21)

4. The Arbitration Agreement defines a "dispute" as <u>any</u> controversy or claim. . . arising from or relating to the vehicle you have purchased. . . . In addition, the term "dispute" also includes any question regarding whether a mater is subject to arbitration under this Arbitration Agreement".  (Emphasis added)

5. Because plaintiff's claims against Bill Kay arise from his attempt to purchase a vehicle from Bill Kay, the claims raised in the complaint are "disputes" under

Case 1:07-cv-07212    Document 12    Filed 01/21/2008    Page 3 of 4

the Arbitration Agreement, which must be submitted for arbitration under the rules of the American Arbitration Association.

6. Arbitration clauses which provide that all claims "arising out of or relating to" the agreement shall be settled in arbitration are considered "generic arbitration clauses". Parties who enter into agreements containing such 'generic' arbitration clauses are obligated to arbitrate any dispute that arises under the agreement". *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Saloga, P.C.*, 244 Ill.App.3d 920, 925, 613 N.E.2d 331, 334 (2nd Dist. 1993); *Johnson v. Baumgardt*, 216 Ill.App.3d 558, 558-59, 576 N.E.2d 515, 520 (2nd Dist. 1991).

7. Federal law requires the arbitration of this dispute because the transaction involved commerce. *See, Circuit City Stores v. Adams*, 121 S.Ct. 1302. The Federal Arbitration Act is preemptive of state laws which are hostile to arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852 (1984); *Gelderman, Inc. v. Sathis*, 177 Ill.App.3d 414, 532 N.E.2d 366 (1st Dist. 1988).

8. The United States Supreme Court has held that parties to an arbitration agreement have the freedom of contract to choose arbitration as the method by which issues relating to the arbitration agreement itself are to be resolved. "[U]nless otherwise agreed upon by the parties, the question of whether the parties agree to arbitrate is to be decided by the court not the arbitrator". *Security Pacific Services v. Jefferson*, 259 Ill.App.3d 914, 919, 632 N.E.2d 299, 303 (1st Dist. 1994) citing *AT&T Technologies v. Communication Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418 (1986).

9. Illinois law also requires the arbitration of this dispute. The law in Illinois is clear that: "[i]n essence, once a contract containing a valid arbitration clause has been

3

executed, the parties are irrevocably committed to arbitrate all disputes arising under the agreement. The parties, therefore, are bound by their contract with its obligations, duties, and liabilities". *Board of Managers of Courtyard*, 183 Ill.2d 66, 74, 697 N.E.2d 727, 731. Moreover, "[d]oubts regarding the scope of arbitrable issues ought to be resolved in favor of arbitration". *Heiden v. Galva Foundry Company*, 223 Ill.App.3d 163, 168, 584 N.E.2d 518, 522 citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927 (1983).

      **WHEREFORE**, for the foregoing reasons, Ogden Chrysler Plymouth, Inc., d/b/a Bill Kay Chrysler, moves this Court for the entry of an order staying these proceedings as against it, and compelling plaintiff George Gatlin to submit his claims to arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and to § 2 of the Uniform Arbitration Act (710 ILCS 5/2), together with any other relief which this Court deems just and appropriate.

                                          Ogden Chrysler Plymouth, Inc.,
                                            Defendant,


                                        By:  <u>s/ Stuart D. Gordon</u>
                                                 One of its Attorneys

Stuart D. Gordon
Gordon & Karr LLP
150 North Wacker Drive
Suite 1650
Chicago, Illinois  60606
(312) 377-4450