IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| George Gatlin, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) No. 07 C 7212 |
| P.O. A. Criscione, Star #16195, P.O. S. Mulkerrin, Star # 17071, Anthony Caputo, individually, and The City of Chicago, S&H Towing, and Bill Kay Chrysler, | ) ) ) ) ) ) |
| Defendants. | ) |

## AFFIDAVIT OF DAVID SCHOON

I, David Schoon, being first duly sworn on oath, depose and state as follows:

1. I am employed as the General Sales Manager of Ogden Chrysler Plymouth, Inc. which does business as Bill Kay Chrysler of Downers Grove ("hereinafter Bill Kay") and have been so employed since prior to May 2, 2007.

2. On or about May 2, 2007, Bill Kay entered into a contract with George Gatlin for the sale of a used 2006 Chrysler 300 (hereinafter "the vehicle"). A copy of the purchase contract/bill of sale is attached hereto as Exhibit A.

3. Bill Kay's obligation to sell the vehicle to Mr. Gatlin was contingent upon Bill Kay's ability to secure a third party financing source willing to purchase the retail installment contract executed by Mr. Gatlin. Mr. Gatlin acknowledged that contingency in a Rider, a copy of which is attached as Exhibit B.

4. Bill Kay received a commitment from Greater Suburban Auto Credit (hereinafter "GSAC") to finance Mr. Gatlin's purchase of the vehicle and accept an

1

assignment of the retail installment contract he executed contingent upon GSAC's verification of Mr. Gatlin's employment and other information that was set forth in a credit application which had been provided by Mr. Gatlin. A copy of the credit application is attached as Exhibit C.

5. Several weeks after May 2, 2007, I was advised by Anthony Schneider of GSAC that GSAC was unwilling to finance the transaction or accept an assignment of the retail installment contract executed by Mr. Gatlin because GSAC had been unable to verify Mr. Gatlin's residence, income and employment.

6. On several occasions I called Mr. Gatlin advising him that Bill Kay was unable to proceed with the transaction due to its inability to identify a third party financing source. In those phone messages, I asked Mr. Gatlin to return the vehicle to Bill Kay. Mr. Gatlin never returned my phone calls, he failed to return similar phone calls made by other Bill Kay employees, and he failed to return the vehicle to Bill Kay.

7. When Mr. Gatlin failed to return the vehicle to Bill Kay, I hired, on behalf of Bill Kay Chrysler, Illinois Solutions Group to repossess the vehicle.

8. At no time did I, or anyone else acting on behalf of Bill Kay, authorize Illinois Solutions Group, S&H Towing, or Anthony Caputo, or any other entity or person

2

to execute a criminal complaint against George Gatlin on behalf of Bill Kay. Moreover, I did not learn that a criminal complaint was purportedly signed on behalf of Bill Kay until Bill Kay received a copy of the complaint filed in the above case.

_____
David Schoon

SIGNED AND SEALED this 7th day of February ____, ~~2007~~ 2008

_____
Notary Public

OFFICIAL SEAL
IRENE PIRKO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-22-2009