IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE GATLIN, ) | \| |
| ) | Case No.: 07 C 7212 |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT FOR |
| ) | VIOLATION OF CIVIL |
| P.O. A. CRISCIONE, Star #16195, ) | RIGHTS AND STATE |
| P.O. S. MULKERRIN, Star #17071, ) | SUPPLEMENTAL CLAIMS |
| ANTHONY CAPUTO, individually, and THE ) | JUDGE LEFKOW |
| CITY OF CHICAGO, S&H TOWING, and ) | MAGISTRATE JUDGE COLE |
| **BILL** KAY CHRYSLER ) | |
| ) | |
| Defendants, ) | **JURY DEMANDED** |

**DEFENDANT CITY AND OFFICER CRISCIONE AND MULKERRIN'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now come Defendants, P.O A. Criscione, P.O Mulkerrin and the City of Chicago for their answer to Plaintiff's complaint and state in support thereof:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C Section 1983], as well as the Court's Supplemental Jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

    **Answer:** Defendants admit the allegations of paragraph one.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

        **Answer:**     Defendants admit the allegations of paragraph two.

## PARTIES

3. At all times herein mentioned, Plaintiff GEORGE GATLIN ("Gatlin" or "Plaintiff) was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

    **Answer:**     **Defendants are without sufficient knowledge or belief to form a belief as to the truth of the allegations of paragraph three.**

4. At all times herein mentioned, Defendant Chicago Police Officer, CRISCIONE, Star No. 16195 ("Criscione") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

    **Answer:**     **Defendants admit the allegations of paragraph four.**

5. At all times herein mentioned, Defendant Chicago Police Officer, MULKERRIN, Star No. 17071 ("Mulkerrin") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

    **Answer:**     **Defendants admit the allegations of paragraph five.**

6. At all times herein mentioned, the CITY OF CHICAGO ("The City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago, maintained, managed, and/or operated the Chicago Police Department.

  **Answer:** **Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, an operator of the Chicago Police Department.**

7. At all times herein mentioned, ANTHONY CAPUTO, ("Caputo"), was employed by S&H Towing and was acting individually and/or as an agent of Bill Kay Chrysler and/or S&H Towing. This Defendant is being sued in his individual/personal capacity, and/or when indicated, he was acting under color of law.

  **Answer:** **Defendants are without sufficient knowledge or belief to form a belief as to the truth of the allegations of paragraph seven.**

8. At all times herein mentioned, S&H TOWING was a towing company operating in the State of Illinois.

  **Answer:** **Defendants are without sufficient knowledge or belief as to form a belief as to the truth of the allegations of paragraph eight.**

9. At all times herein mentioned, BILL KAY CHRYSLER was an automobile dealership operating in the State of Illinois.

  **Answer:** **Defendants are without sufficient knowledge or belief as to form a belief as to the truth of the allegations of paragraph nine.**

FACTUAL ALLEGATIONS

10. On or about June 4, 2007, at approximately 3:00 p.m., Plaintiff was driving on W. Chicago Avenue at N. Pine Avenue in Chicago, Illinois.

 **Answer: Defendants deny the allegations of paragraph ten.**

11. On information and belief, Plaintiff alleges that prior to detaining Plaintiff,

3

Defendant Caputo and Defendants Criscione and Mulkerrin previously planned for the police officers to be present when Caputo caused Plaintiffs vehicle to be stopped.

**Answer:** **Defendants deny the allegations of paragraph eleven.**

12. Caputo allegedly and falsely told Criscione and Mulkerrin that Plaintiff had a weapon.

    **Answer:** **Defendants admit that Caputo told Officers Criscione and Mulkerrin that plaintiff had a weapon at time of the incident in question. Defendants are without sufficient knowledge or belief to form a belief as to the veracity of Caputo's statement to the officers at the time it was made to the Officers.**

13. Upon being stopped, Plaintiff was treated abusively and subjected to unnecessary and unreasonable force by Criscione and Mulkerrin.

    **Answer:** **Defendants deny the allegations of paragraph thirteen.**

14. Plaintiff in no way consented to this conduct.

    **Answer:** **Defendants deny that there was any unnecessary and unreasonable conduct and thus plaintiff could not consent to that which did not occur.**

15. Without legal cause, Criscione and Mulkerrin searched Plaintiff and Plaintiffs vehicle.

    **Answer:** **Defendants deny the allegations of paragraph fifteen.**

16. Plaintiff did not have a weapon and none was found on his person or in his car.

    **Answer:** **Defendants did not find a weapon on the plaintiff's person however Defendants only conducted a "plain view" search of the**

>   plaintiff's vehicle and are without sufficient knowledge or belief to form a belief as to whether or not the plaintiff had a weapon in his vehicle.

17. Defendants then caused Plaintiff to be arrested. There was no cause to arrest as Plaintiff did not have a weapon, nor was there any reason to believe that he engaged in any illegal activity.

    > **Answer:   Defendants deny the allegations of paragraph seventeen.**

18. Plaintiff was driven to the police station by Criscione and Mulkerrin where he was imprisoned.

    > **Answer:   Defendants admit driving the plaintiff to the police station where the plaintiff was placed in lock-up. Defendants deny the remaining allegations of paragraph eighteen.**

19. While in custody, Plaintiff repeatedly requested his medications, including, but not limited to medicines prescribed for congestive heart failure and diabetes.

    > **Answer:   Defendants deny the allegations of paragraph nineteen.**

20. Despite Plaintiff's repeated requests for his medication, Criscione and Mulkerrin refused to allow Plaintiff to take his medication and failed to provide Plaintiff with any medical care or treatment.

    > **Answer:   Defendants deny the allegations of paragraph twenty. Defendants repeatedly asked the plaintiff if he would like medical treatment and plaintiff refused to hasten his release.**

21. On June 4, 2007, Caputo, acting as an employee/agent of Defendants S&H Towing and Bill Kay Chrysler, caused a criminal charge of defrauding

a financial institution to be initiated against Plaintiff.

**Answer:** **Defendants admit that Caputo signed complaints against the plaintiff for the charge of defrauding a financial institution.**

22. On or about July 11, 2007, Plaintiffs criminal case was dismissed, terminating in his favor.

**Answer:** **Defendants deny the allegations of paragraph twenty-two.**

23. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**Answer:** **Defendants deny the allegations of paragraph twenty-three.**

24. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**Answer:** **Defendants deny the allegations of paragraph twenty-four.**

25. By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to

Justice Act or any other provision set by law.

**Answer:** **Defendants deny the allegations of paragraph twenty-five.**

## COUNT I

### Plaintiff against Defendants Criscione and Mulkerrin for Violation of Civil Rights - False Arrest

26. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

    **Answer:** **Defendants hereby re-assert their answers to paragraph one (1) through twenty-five (25) as their answer to paragraph twenty-six as though fully set forth herein.**

27. By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

    **Answer:** **Defendants deny the allegations of paragraph twenty-seven.**

28. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

    **Answer:** **Defendants deny the allegations of paragraph twenty-eight.**

## COUNT II

### Plaintiff against Defendant Anthony Caputo for Violation of Civil Rights - False Arrest

29. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

    **Answer:** **This Count is not directed at Defendants Criscione, Mulkerrin and the City of Chicago.**

30. By reason of the Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

    **Answer:** **This Count is not directed at Defendants Criscione, Mulkerrin and the City of Chicago.**

31. Defendant assisted in causing the arrest of Plaintiff by willfully acting in concert with agents of the State, Criscione and Mulkerrin.

    **Answer:** **This Count is not directed at Defendants Criscione, Mulkerrin and the City of Chicago.**

32. The arrest of Plaintiff was unreasonable and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendant is liable for false arrest under 42 U.S.C. § 1983.

    **Answer:** **This Count is not directed at Defendants Criscione, Mulkerrin and the City of Chicago.**

### COUNT III

**Plaintiff against Defendants Criscione and Mulkerrin for Violation of Civil Rights - Excessive Force**

33. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hearat as though fully alleged at this place.

    **Answer:** **Defendants hereby re-assert their answers to paragraph one (1) through twenty-five (25) as their answer to paragraph thirty-three as though fully set forth herein.**

34. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

    **Answer:** **Defendants deny the allegations of paragraph thirty-four.**

35. The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff s Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore the individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

   **Answer:**     **Defendants deny the allegations of paragraph thirty-five.**

## COUNT IV

**Plaintiff against Defendants Criscione and Mulkerrin for
Violation of Civil Rights - Failure to Provide Medical Care**

36. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

   **Answer:**     **Defendants re-assert their answers to paragraphs one (1) through twenty-five (25) as their answer to paragraph thirty-six as though fully set forth herein.**

37. As alleged above, Criscione and Mulkerrin knew of Plaintiff s need for his medications; yet, Defendants did not permit Plaintiff to take his medications and/or failed to provide Plaintiff with necessary medical care and treatment.

   **Answer:**     **Defendants deny the allegations of paragraph thirty-seven.**

38. Through their actions and omissions, Defendants acted unreasonably and caused substantial harm to Plaintiff.

   **Answer:**     **Defendants deny the allegations of paragraph thirty-eight.**

39. By reason of the conduct of Defendants, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws enacted thereunder. Therefore, Criscione and Mulkerrin are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

> **Answer:** **Defendants deny the allegations of paragraph thirty-nine.**

### COUNT V

### Plaintiff against Defendants Criscione, Mulkerrin, Caputo, S&H Towing and Bill Kay Chrysler for the Supplemental State Claim - False Arrest

40. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

> **Answer:** **Defendants re-assert their answers to paragraphs one (1) through twenty-five (25) as their answer to paragraph forty as though fully set forth herein.**

41. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime.

> **Answer:** **Defendants deny the allegations of paragraph forty-one.**

42. S&H Towing and Bill Kay Chrysler are liable to Plaintiff for the acts of the Defendant Caputo pursuant to the doctrine of *respondeat superior*

> **Answer:** **Defendants are without sufficient knowledge or belief to form a belief as truth of the allegations of paragraph forty-two.**

43. Therefore, Defendants and each of them are liable under the supplemental state claim of false arrest.

  **Answer:**  **Defendants deny the allegations of paragraph forty-three.**

### COUNT VI

**Plaintiff against Defendants Criscione, Mulkerrin, and The City of Chicago for The State Supplemental Claim - Willful and Wanton Conduct for Failure to Provide Medical Care**

44. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

  **Answer:**  **Defendants re-assert their answers to paragraphs one (1) through twenty-five (25) as their answer to paragraph forty-four as though fully set forth herein.**

45. At the aforesaid place and time, the Criscione and Mulkerrin were acting within the scope of their employment, as employees of the City of Chicago Police Department.

  **Answer:**  **Defendants admit the allegations of paragraph forty-five.**

46. Defendants knew, from being informed by Plaintiff, that Plaintiff was in need of his prescribed medications and/or medical care and treatment. Notwithstanding this, through their willful and wanton conduct, Defendants failed to take reasonable action to summon medical care and/or permit Plaintiff to take his medication.

  **Answer:**  **Defendants deny the allegations of paragraph forty-six.**

47. As a result of the foregoing, Plaintiff has sustained injuries including, but not limited to, medical treatment, and has suffered great mental and emotional pain and suffering all to his detriment.

  **Answer:**  **Defendants deny the allegations of paragraph forty-seven.**

48. The City of Chicago is liable to Plaintiff for the acts of the Criscione and

Mulkerrin pursuant to the doctrine of *respondeat superior*.

**Answer:** **Defendants deny that Officers Criscione and Mulkerrin committed any acts which would give rise to liability to the plaintiff; however in the event of a finding in favor of the plaintiff, the defendants admit the City of Chicago would be responsible under the doctrine of *respondeat superior*.**

49. Therefore, Criscione and Mulkerrin and the City of Chicago are liable under the state supplemental claim of willful and wanton conduct for failure to provide medical care.

**Answer:** **Defendants deny the allegations of paragraph forty-nine.**

## COUNT VII

### Plaintiff Against Defendants Caputo, S&H Towing, and Bill Kay Chrysler for The Supplemental State Claim - Malicious Prosecution

50. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

**Answer:** **This Count is not directed at these defendants.**

51. Defendants caused a charge for deceptive practices to be commenced against Plaintiff.

**Answer:** **This Count is not directed at these defendants.**

52. Caputo, employed by Defendants S&H Towing and Bill Kay Chrysler, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain

constitutionally protected liberty and related rights.

**Answer:**     **This Count is not directed as these defendants.**

53. Caputo facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

**Answer:**     **This Count is not directed at these defendants.**

54. The criminal proceedings against Plaintiff were terminated in his favor.

**Answer:**     **This Count is not directed at these defendants.**

55. S&H Towing and Bill Kay Chrysler are liable to Plaintiff for the acts of Caputo, pursuant to the doctrine of *respondeat superior*.

**Answer:**     **This Count is not directed at these defendants.**

56. Therefore, Defendants are liable under the State Supplemental Claim of Malicious Prosecution.

**Answer:**     **This Count is not directed at these defendants.**

WHEREFORE, the Defendants, P.O Criscione, P.O Mulkerrin and the City of Chicago pray that judgment be entered in their favor and against the Plaintiff with costs assessed to the plaintiff and any such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances then confronting Officers Criscione and Mulkerrin during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. Officers Criscione and

Mulkerrin are therefore entitled to qualified immunity.

2. Defendant Police Officers Criscione and Mulkerrin are absolutely immune for any testimony they may have given in plaintiff's underlying criminal case, please see *Briscoe v. LaHue, 460 U.S. 325 (1983).*

3. In the instant case the Officers Criscione and Mulkerrin are entitled to the immunity of the "willful and wanton" standard pursuant to 745 ILCS 10/1-210 which states that "willful and wanton conduct" as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. This definition shall apply in any case where a "willful and wanton" exception is incorporated into any immunity under this Act.

4. In the instant case the City of Chicago is entitled to immunity under 745 ILCS 10/2-109 which states that a local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.

## JURY DEMAND

Officers Criscione and Mulkerrin and the City of Chicago respectfully demand a trial by jury of this cause.

s/Tiffany Y. Harris

DATED:   March 7, 2008

Assistant Corporation Counsel
City of Chicago
Department of Law
Individual Defense Litigation
30 North LaSalle

             St.
              Suite 1400
              Chicago, IL 60602
              312-744-5890