IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE GATLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7212 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| P.O. A. CRISCIONE, Star #16195, | ) | Magistrate Judge Cole |
| P.O. S. MULKERRIN, Star #17071, | ) | |
| ANTHONY CAPUTO, individually, and THE | ) | |
| CITY OF CHICAGO, S&H TOWING, and | ) | |
| BILL KAY CHRYSLER | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFF'S AGREED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, GEORGE GATLIN, by and through his attorneys, Ed Fox & Associates, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby moves this court to enter an order granting leave to file an amended complaint. In support of her motion, Plaintiff states:

1) This action was commenced by the filing of a complaint on December 21, 2007, alleging causes of action under the Civil Rights Act of 1871 (42 U.S.C. § 1983) and state supplemental claims.

2) On January 21, 2008, Defendant Bill Kay Chrysler filed a Motion to Stay and Compel Arbitration. Defendant stated in their motion that Defendant hired Illinois Solutions Group to repossess Plaintiff's vehicle and not S&H Towing as Plaintiff plead in his original complaint.

3) Plaintiff is now informed and believes to be true that Defendant Bill Kay Chrysler hired Illinois Solution Group to repossess Plaintiff's vehicle and not S&H Towing.

1

4) Plaintiff requests leave to amend his complaint to add Illinois Solution Group as a defendant and to terminate S&H Towing as a defendant. Plaintiff's proposed amended complaint is attached hereto as Exhibit A.

5) Plaintiff's counsel spoke to Tiffany Harris, counsel for Defendants the City of Chicago, Mulkerrin, and Criscione, and Stuart Gordon, counsel for Bill Kay Chrysler. Both counsel stated that they would have no objections to Plaintiff amending his complaint to add Illinois Solution Group.

6) Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a complaint shall be freely given when justice so requires.

WHERFORE, Plaintiff requests that the Court grant his leave to file the amended complaint attached hereto as Exhibit A.

BY: /s/ Leslie C. McCoy
Leslie C. McCoy

ED FOX & ASSOCIATES
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606
(312) 345 - 8877

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE GATLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7212 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| P.O. A. CRISCIONE, Star #16195, | ) | Magistrate Judge Cole |
| P.O. S. MULKERRIN, Star #17071, | ) | |
| ANTHONY CAPUTO, individually, and THE | ) | |
| CITY OF CHICAGO, ILLINOIS SOLUTION | ) | |
| GROUP, and BILL KAY CHRYSLER, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**FIRST AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C Section 1983], as well as the Court's Supplemental Jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff GEORGE GATLIN ("Gatlin" or "Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4. At all times herein mentioned, Defendant Chicago Police Officer, CRISCIONE, Star No. 16195 ("Criscione") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police

1

Department. This Defendant is being sued in his individual/personal capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer, MULKERRIN, Star No. 17071 ("Mulkerrin") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

6. At all times herein mentioned, the CITY OF CHICAGO ("The City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago, maintained, managed, and/or operated the Chicago Police Department.

7. At all times herein mentioned, ANTHONY CAPUTO, ("Caputo"), was employed by Illinois Solution Group and was acting individually and/or as an agent of Bill Kay Chrysler and/or Illinois Solution Group. This Defendant is being sued in his individual/personal capacity, and/or when indicated, he was acting under color of law.

8. At all times herein mentioned, ILLINOIS SOLUTION GROUP was a repossession company operating in the State of Illinois.

9. At all times herein mentioned, BILL KAY CHRYSLER was an automobile dealership operating in the State of Illinois.

**FACTUAL ALLEGATIONS**

10. On or about June 4, 2007, at approximately 3:00 p.m., Plaintiff was driving on W. Chicago Avenue at N. Pine Avenue in Chicago, Illinois.

11. On information and belief, Plaintiff alleges that prior to detaining Plaintiff, Defendant Caputo and Defendants Criscione and Mulkerrin previously planned for the police officers to be present when Caputo caused Plaintiff's vehicle to be stopped.

2

12. Caputo allegedly and falsely told Criscione and Mulkerrin that Plaintiff had a weapon.

13. Upon being stopped, Plaintiff was treated abusively and subjected to unnecessary and unreasonable force by Criscione and Mulkerrin.

14. Plaintiff in no way consented to this conduct.

15. Without legal cause, Criscione and Mulkerrin searched Plaintiff and Plaintiff's vehicle.

16. Plaintiff did not have a weapon and none was found on his person or in his car.

17. Defendants then caused Plaintiff to be arrested. There was no cause for arrest as Plaintiff did not have a weapon, nor was there any reason to believe that he engaged in any illegal activity.

18. Plaintiff was driven to the police station by Criscione and Mulkerrin where he was imprisoned.

19. While in custody, Plaintiff repeatedly requested his medications, including, but not limited to medicines prescribed for congestive heart failure and diabetes.

20. Despite Plaintiff's repeated requests for his medication, Criscione and Mulkerrin refused to allow Plaintiff to take his medication and failed to provide Plaintiff with any medical care or treatment.

21. On June 4, 2007, Caputo, acting as an employee/agent of Defendants Illinois Solution Group and Bill Kay Chrysler, caused a criminal charge of defrauding a financial institution to be initiated against Plaintiff.

22. On or about July 11, 2007, Plaintiff's criminal case was dismissed, terminating in his favor.

3

23. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

24. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

25. By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### Plaintiff against Defendants Criscione and Mulkerrin for Violation of Civil Rights - False Arrest

26. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

27. By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

28. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendants and

each of them are liable for false arrest under 42 U.S.C. § 1983.

## COUNT II

### Plaintiff against Defendant Anthony Caputo for
### Violation of Civil Rights - False Arrest

29.  Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

30.  By reason of the Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

31.  Defendant assisted in causing the arrest of Plaintiff by willfully acting in concert with agents of the State, Criscione and Mulkerrin.

32.  The arrest of Plaintiff was unreasonable and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendant is liable for false arrest under 42 U.S.C. § 1983.

## COUNT III

### Plaintiff against Defendants Criscione and Mulkerrin for
### Violation of Civil Rights - Excessive Force

33.  Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hearat as though fully alleged at this place.

34.  By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

35.  The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights. Specifically, all of the force

described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore the individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV

### Plaintiff against Defendants Criscione and Mulkerrin for Violation of Civil Rights - Failure to Provide Medical Care

36. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

37. As alleged above, Criscione and Mulkerrin knew of Plaintiff's need for his medications; yet, Defendants did not permit Plaintiff to take his medications and/or failed to provide Plaintiff with necessary medical care and treatment.

38. Through their actions and omissions, Defendants acted unreasonably and caused substantial harm to Plaintiff.

39. By reason of the conduct of Defendants, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws enacted thereunder. Therefore, Criscione and Mulkerrin are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT V

### Plaintiff against Defendants Criscione, Mulkerrin, Caputo, Illinois Solution Group, and Bill Kay Chrysler for the Supplemental State Claim - False Arrest

40. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

41. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime.

42. Illinois Solution Group and Bill Kay Chrysler are liable to Plaintiff for the acts of the Defendant Caputo pursuant to the doctrine of *respondeat superior*

43. Therefore, Defendants and each of them are liable under the supplemental state claim of false arrest.

## COUNT VI

### Plaintiff against Defendants Criscione, Mulkerrin, and The City of Chicago for The State Supplemental Claim - Willful and Wanton Conduct for Failure to Provide Medical Care

44. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

45. At the aforesaid place and time, the Criscione and Mulkerrin were acting within the scope of their employment, as employees of the City of Chicago Police Department.

46. Defendants knew, from being informed by Plaintiff, that Plaintiff was in need of his prescribed medications and/or medical care and treatment. Notwithstanding this, through their willful and wanton conduct, Defendants failed to take reasonable action to summon medical care and/or permit Plaintiff to take his medication.

47. As a result of the foregoing, Plaintiff has sustained injuries including, but not limited to, medical treatment, and has suffered great mental and emotional pain and suffering all to his detriment.

48. The City of Chicago is liable to Plaintiff for the acts of the Criscione and Mulkerrin pursuant to the doctrine of *respondeat superior*.

49. Therefore, Criscione and Mulkerrin and the City of Chicago are liable under the state supplemental claim of willful and wanton conduct for failure to provide medical care.

## COUNT VII

**Plaintiff Against Defendants Caputo, Illinois Solution Group, and Bill Kay Chrysler for The Supplemental State Claim - Malicious Prosecution**

50. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

51. Defendants caused a charge for deceptive practices to be commenced against Plaintiff.

52. Caputo, employed by Defendants Illinois Solution Group and Bill Kay Chrysler, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

53. Caputo facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

54. The criminal proceedings against Plaintiff were terminated in his favor.

55. Illinois Solution Group and Bill Kay Chrysler are liable to Plaintiff for the acts of Caputo, pursuant to the doctrine of *respondeat superior*.

56. Therefore, Defendants are liable under the State Supplemental Claim of Malicious Prosecution.

WHEREFORE, Plaintiff, George Gatlin, by and through his attorneys, Ed Fox & Associates, request judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiff general damages, including

8

emotional distress, in a sum to be ascertained;

    2.    That Defendants be required to pay Plaintiff special damages;

    3.    That Defendants, except the City of Chicago, be required to pay Plaintiff attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

    4.    That Defendants, except the City of Chicago, be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

    5.    That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

    6.    That Plaintiff has such other and further relief as this Court may deem just and proper.

DATED:  April 16, 2008                         /s/Edward M. Fox
                                                  Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

9

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

DATED:   April 16, 2008

/s/Edward M. Fox
Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877