# EXHIBIT A

⁂AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Illinois |

| George Gatlin | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| Anthony Caputo, et al. | Case Number:[1] 07 C 7212 |

TO: Illinois Solution Group, Inc.
9851 S. 78th Avenue
Hickory Hills, IL 60457

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Any and all documents relating to or referring to employment records and or documens for Anthony Caputo.

| PLACE  Ed Fox & Associates, 300 W. Adams Street, Suite 330, Chicago, IL  60606 | DATE AND TIME 7/30/2008 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Leslie C. McCoy/lmass*, Attorney for Plaintiff | 7/16/2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Leslie C. McCoy, 300 W. Adams Street, Suite 330, Chicago, IL  60606  312-345-8877 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 7/16/2008 | 9851 S. 78th Avenue, Hickory Hills, IL 60457 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Illinois Solution Group | | Certified Mail |
| SERVED BY (PRINT NAME) | | TITLE |
| Linda DuBose | | Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  7/16/2008
DATE

*(signature)* Linda DuBose
SIGNATURE OF SERVER

300 W/ Adams, Suite 300
ADDRESS OF SERVER

Chicago, IL 60606

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT B

Case 1:07-cv-07212 Document 49-2 Filed 08/01/2008 Page 5 of 13

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

AO 398 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A)   Anthony Caputo

as   (B)                              of (C)

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number (D)   07 C 7212   .

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (E)   30   days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this   2   day of January , 2008 .
(Month)   (Year)

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

---

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—Docket number of action
E—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

Case 1:07-cv-07212  Document 49-2  Filed 08/01/2008  Page 6 of 13

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## Waiver of Service of Summons

TO: __Edward M. Fox, Ed Fox & Associates, 300 W. Adams Street, Ste330, Chicago, IL 60606__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Anthony Caputo__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __George Gatlin v. Officer Criscione, Star No. 16195, et al__,
(CAPTION OF ACTION)

which is case number __07 C 7212__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __01/02/08__,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                       (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
  (TITLE)                        (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT C

ClientCaseID:  
Law Firm ID: FOXED

*177827A*

CaseReturnDate: 3/11/08

Affidavit of Special Process Server

## UNITED STATES DISTRICT COURT

Case Number **07C7212**

I, MICHAEL P. FEEHAN

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## NON-SERVICE

DEFENDANT NAME **ANTHONY CAPUTO**  
I HAVE ATTEMPTED TO SERVE  **SUMMONS AND COMPLAINT**  
AT THE LOCATION  **9851 S 78TH AVE**     **HICKORY HILLS, IL, 60457**  
BEING A  **BUSINESS**  
ON THE DEFENDANT ON THIS CAUSE AND HAVE BEEN UNABLE TO SERVE BECAUSE:

Attempts made 2/23/08 @ 10:10am, 2/26/08 @ 9am, 2/28/08 @ 3:40pm, 3/3/08 @ 8am, and 3/4/08 @ 11:45am.

On all attempts I spoke to an employee who stated that the defendant was in a second floor office but that he would not come down to accept service.

Unable to serve. Please request 2-203.1 motion for alternative service.

Date Of Last Attempt   3/4/08     Time   **11:45 AM**

MICHAEL P. FEEHAN     3/4/2008  
**Special Process Server**  
P.E.R.C. #129-157466

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

George Gatlin

V.

P.O. A. CRISCIONE, Star #16195,
P.O. S. MULKERRIN, Star #17071,
ANTHONY CAPUTO, individually, and THE
CITY OF CHICAGO, S&H TOWING, and )
BILL KAY CHRYSLER

CASE NUMBER: 07 C 7212

ASSIGNED JUDGE: Lefkow

DESIGNATED
MAGISTRATE JUDGE: Cole

TO: (Name and address of Defendant)

Anthony Caputo
Illinois Solution Group
9851 S. 78th Ave
Hickory Hills, IL 60457

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Edward M. Fox
Ed Fox & Associates
300 W. Adams Street, Suite 330
Chicago, IL 60606

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

NOTE: When the print dialogue
box appears, be sure to uncheck
the Annotations option.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

FEB 20 2008

DATE

| | |
|---|---|
| **STERN PROCESS & INVESTIGATION, LLC**<br>205 W. RANDOLPH ST 1210<br>CHICAGO, IL, 60606  Phone (312)-853-2150  Fax (312)-853-3119 | Tax ID 04-3801615 |

**Customer**
ED FOX & ASSOCIATES
300 W. ADAMS SUITE # 330
CHICAGO, IL, 60606          Phone: (312)-345-8877   Fax: (312)-853-3489

### Invoice#    177827

Date Of Invoice:   3/4/2008

**Plaintiff:** GEORGE GATLIN
**Court CaseID:** 07C7212    **Firm#**        **Case Returned Date:** 3/11/08
**County:** UNITED STATES DISTRICT COURT
**Process Server:** MICHAEL P. FEEHAN      **ProcessType:** SUMMONS AND COMPLAINT

| Defendant:#1 ANTHONY CAPUTO | Type Of Service: NON-SERVICE |
|---|---|
| Person Served: | Date Of Service: 3/4/2008   Time: 11:45 AM |
| Sex   Age   Height   Build | Hair Color   Race |

| Defendant:#2 | Type Of Service: |
|---|---|
| Person Served: | Date Of Service:   Time: |
| Sex   Age   Height   Build | Hair Color   Race |

Location   9851 S 78TH AVE , HICKORY HILLS, IL, 60457      Type Of Premise: BUSINESS

| | | | |
|---|---|---|---|
| Delivery Charge | $0.00 | Rush | $0.00 |
| Bad Address | $0.00 | Filing | $0.00 |
| No Contact | $55.00 | Investigation | $0.00 |
| Database/Skip | $0.00 | Advanced fees | $0.00 |
| | | **Total:** | **$55.00** |
| Date Received | Check No | Amount Received | $0.00 |
| | | Balance Due | $55.00 |

**INFORMATION DEEMED RELIABLE BUT NOT GUARANTEED**
**PAYABLE UPON RECEIPT, 2% PER MONTH**

# EXHIBIT D

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

### ALIAS SUMMONS IN A CIVIL CASE

George Gatlin

CASE NUMBER: 07 C 7212

V.

ASSIGNED JUDGE: Lefkow

Anthony Caputo, et al.

DESIGNATED MAGISTRATE JUDGE: Cole

TO: (Name and address of Defendant)

Anthony Caputo
Illinois Solution Group
9851 S. 78th Avenue
Hickory Hills, IL 60457

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Leslie C. McCoy
Ed Fox & Associates
300 W. Adams Street, Suite 330
Chicago, IL 60606

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

MICHAEL W. DOBBINS, CLERK

TERESA CERVANTES

JUN 2 7 2008

(By) DEPUTY CLERK

DATE

SHERIFF'S NUMBER 086161-001D CASE NUMBER 07C7212         DEPUTY: _____ESL iv₁ #10512

FILED DT 06-27-2008 RECEIVED DT 06-27-2008 DIE DT 07-14-2008 MULTIPLE SERVICE    1
    DEFENDANT                                   ATTORNEY
CAPUTO, ANTHONY                                 LESLIE C MCCOY
9851 S. 78TH AV                                 300 W ADAMS ST STE 330
HICKORY HILLS IL. 60457                         CHICAGO IL. 60606

PLAINTIFF GEORGE GATLIN         **FOREIGN**

SERVICE INFORMATION: ILLINOIS SOLUTION GROUP UNITED STATES DISTRICT COURT   RS

*************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20___, IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME_____
.....3 SERVICE ON:  CORPORATION_____ COMPANY_____ BUSINESS_____ PARTNERSHIP_____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL_____

(B)  THOMAS J. DART, SHERIFF, BY: _____ 10512 , DEPUTY

    1 SEX____M/F  RACE____  AGE____
    2 NAME OF DEFENDANT CAPUTO, ANTHONY
        ___WRIT SERVED ON _____ Not Served
        THIS  9  DAY OF  July , 20 08  TIME  3:30 A.M. P.M.

ADDITIONAL REMARKS _____

*************************************************************************
                                                          2nd Floor
THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG ___Office___                  ATTEMPTED SERVICES

NEIGHBORS NAME _____           DATE        TIME A.M./P.M.

    ADDRESS _____              7/3         3:20 p 10512

       REASON NOT SERVED:                 08 July 08  7:35 Am 10159
                    07 EMPLOYER REFUSAL
__01 MOVED          08 RETURNED BY ATTY   _____   ___:___ _____
_X_02 NO CONTACT    09 DECEASED
__03 EMPTY LOT      10 BLDG DEMOLISHED    _____   ___:___ _____
__04 NOT LISTED     11 NO REGISTERED AGT.
__05 WRONG ADDRESS  12 OTHER REASONS      _____   ___:___ _____
__06 NO SUCH ADDRESS 13 OUT OF COUNTY
                                          _____   ___:___ _____

FEE   .00   MILEAGE   .00   TOTAL   .00                      SG15