IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE GATLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7212 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| P.O. A. CRISCIONE, Star #16195, | ) | Magistrate Judge Cole |
| P.O. S. MULKERRIN, Star #17071, | ) | |
| ANTHONY CAPUTO, individually, and THE | ) | |
| CITY OF CHICAGO, ILLINOIS SOLUTION | ) | |
| GROUP, and BILL KAY CHRYSLER | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFF'S MOTION FOR FEES AND COSTS**

Plaintiff by and through his attorneys of record, Ed Fox & Associates, hereby moves this Court to award attorney's fees and costs associated with Plaintiff's Motion to Compel granted August 6, 2008. In support of this motion, Plaintiff states the following:

1. On July 16, 2008, Plaintiff's counsel issued a subpoena to Illinois Solution Group requesting the production of documents contained in the employment records of Anthony Caputo. Plaintiff requires these records in order to obtain Defendant Caputo's last known home address so that Plaintiff may serve Caputo a summons in this case. Illinois Solutions Group was to produce these documents by July 30, 2008, and failed to do so.

2. On August 6, 2008, this Court granted Plaintiff's Motion to Compel and awarded Plaintiff fees for the time incurred in making and appearing for the motion.

3. Plaintiff had 2 attorneys contribute to the Motion to Compel. Their total hours are as follows: Mr. Fox: .5 hours (for discussion and review of the motion with Ms. McCoy); Ms. McCoy: 2.5 hours (2 hours for preparing the motion and .5 hours for presenting the motion in

1

court). Their billing rates are as follows: Mr. Fox $325.00 per hour; Ms. McCoy: $175.00 per hour. The qualifications and basis for these rates are set forth in the accompanying declarations (Exhibits A and B). These rates are well within the range for lawyers of comparable skill and qualifications in the Chicago area.

Case law, in addition to the attached declarations, indicates that Mr. Fox's rate is reasonable. See Thomas ex. rel. Smith v. Sheahan, 556 F. Supp.2d 861, 899 (N.D. Ill. 2008) (In 2006-2007, attorneys awarded $350.00 per hour); Gautreaux v. Chicago Hous. Auth., 491 F.3d 649, 660 (7th Cir.2007) (awarding $400 for lead counsel; $350 for the next senior attorneys; followed by rates ranging from $200 to $265 for the less senior attorneys); People Who Care v. Rockford Bd. Of Educ. 90 F.3d 1307, 1311 (7th Cir. 1996)( In 1993, attorney had been awarded $280.00 per hour); Cooper v. Casey 97 F.3d 914 (7th Cir. 1996)($320 per hour requested); Letourneau v. Pan American Financial Services, Inc., 151 f.3d 1033 (7th Cir. 1998)($320 per hour approved in FLSA case). Likewise, Ms. McCoy's rate is also very reasonable. See Hardrick v. Airway Freight Systems, Inc., 2000 WL 263687 * 2, fn. 3 (N.D. IL. 2000)(awarding first year associate $155.00 per hour); Quinn v. Ultimo Enterprises, Ltd., 2001 WL 128242 *2 (N.D.IL. 2001)(awarding a Chicagoland paralegal $100 per hour).

Plaintiff's counsel would respectfully submit that their qualifications and experience are as good as most lawyers practicing civil rights law. (See declarations attached hereto as Exhibits A and B).

WHEREFORE, Plaintiff, GEORGE GATLIN, respectfully requests that this court grant his petition for fees and costs and enter an order awarding attorney's fees in the amount of $600.00.

2

                    Respectfully submitted,

/s/    Leslie C. McCoy
       Leslie C. McCoy

Ed Fox & Associates
300 W. Adams Street
Suite 330
Chicago, IL 60606
(312) 345-8877

# EXHIBIT A

## DECLARATION OF EDWARD M. FOX

I, Edward M. Fox, declare as follows:

1. I am an attorney at law duly licensed to practice in both Illinois (1991) and California (1986). I have a small law firm, Ed Fox & Associates. I know the facts set forth below to be true of my own personal knowledge. If called upon to testify to these facts, I could and would do so.

2. I have practiced primarily in the areas of civil rights and criminal law since 1986 in California, and since 1996 in Illinois. Prior to practicing, I extensively studied domestic and international civil rights law. I have studied under, and worked with Paul Hoffman, the past regional director in Los Angeles of the American Civil Liberties Union. I have also worked with Amnesty International in international civil rights programs.

3. In Los Angeles, I worked for and then became a partner in the law firm of Klass, Helman & Ross. Civil rights cases, and in particular, employment discrimination cases and police misconduct cases, have always been at least 70 percent of my caseload. I have tried more than 50 cases to a jury throughout my legal career.

4. Some of the more notable police misconduct cases I have been successful with include a case against the City of Los Angeles and Mark Furhman. Mr. Furhman was alleged to have wrongfully shot an African-American suspect. The case settled for a large undisclosed sum. In another case, I represented a deputy sheriff in the Los Angeles County Sheriff's Department. In a "Serpico" like case, this deputy was seriously injured by other deputies when he refused to support a cover-up of police misconduct. This case settled for a large sum, including lifetime pay and a $850,000.00 cash payment.

5. I have had numerous successful published opinions. Some of them include: *Merritt v. County of Los Angeles* 875 F.2d 765 (9th Cir. 1988); *Fuller v. County of Los Angeles* 950 F.2d 1437 (9th Cir. 1989); *Charry v. State of California* 13 F.3d 1386 (9th Cir. 1994); *Overby v. Chevron* 884 F.2d 470 (9th Cir. 1988); *Sloman v. Tadlock et al.*, 21 Fd.3d 1431 (9th Cir. 1994); *Alexander v. County of Los Angeles* 64 F.2d 1415 (9th Cir. 1996); *Liston v. County of Riverside*, 120 F.3d 965 (9th Cir. 1997); *Sefick v. Gardner et al.*, 164 F.3d 370 (7th Cir. 1998); *Bills by Bills v. Homer School Dist. et al.*, 959 F.Supp. 507 (N.D. Il. 197); *Langford v. County of Cook*, 965 F.Supp. 1081 (N.D. 1997); *Malec v. Dry Storage Corp.*, 1997 WL 534917 (N.D. Il. 1998); *Anderson v. Cornejo et al.*, 1999 WL 35307 (N.D. Il. 1999); and *Montalvo v. Park Ridge Police Dept.*, 2001 WL 395928 (N.D. Il. 2001).

6. In addition to the above, I testified in front of the U.S. Congress on racial profiling issues in May, 1999. I have also presented at seminars on the same issue.

7. Subsequent to June of 1988, the usual and customary rate for my services on civil cases was $175.00. Subsequent to June 1, 1990, the usual and customary rate for my services was $200.00. Subsequent to June, 1, 1991, the usual and customary rate for my services was $225.00. In my last trial in California, I was awarded $250.00 per hour (April, 1995). Since 1997, the usual and customary rate for my services has ranged from $225-$350 per hour.

8. I have had several fee awards approved by courts or agreed upon between the parties in the course of settlements. In 1998, in the case of *Roberts et al., v. PCA,* Judge Coar approved a settlement in which my hourly rate was $270.00. Also at that same time in *Murphy et al., v. City of Burbank et al.*, the City of Burbank agreed to an hourly rate of $270.00. I have had agreed upon attorney fee awards at $275.00 per hour. *E.g., Stewart v. City of Chicago et al.* Judge Lefkow awarded me $275.00 per hour in a case mostly litigated in the year 2000. *Cruzado v.*

*Rose Exterminating Company.* I am currently billing clients at $300 - $325 per hour (depending on the type of case), and I have received that sum in cases agreed to by the parties. *E.g., Perez v. City of Chicago et al.* In this matter, I am requesting $325.00 per hour due to the nature of the case, my limited supervisory involvement in this case, my experience and the market rate for attorneys of my experience and success.

9. All fees and costs that have been included are reasonable, actually expended and necessarily incurred.

10. My total billing spent related to my hours successfully incurred equals $162.50 for my work.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Chicago, Illinois this 18th day of August, 2008.

*/s/ Edward M. Fox*
Edward M. Fox

# EXHIBIT B

## DECLARATION OF LESLIE C. MCCOY

I, Leslie C. McCoy, declare as follows:

1.  I am an attorney at law duly licensed to practice in Illinois since November 2007. I have also been an associate at the law firm Ed Fox & Associates since November 2007. I know the facts set forth to be true of my own personal knowledge. If called upon to testify to these facts, I could and would do so.

2.  I have practiced primarily in the areas of civil rights and employment law since becoming a licensed attorney. My previous legal experience includes working as an Administrative Law Judge in Indiana on unemployment insurance cases. While in law school, I was a certified Domestic Relations Mediator and mediated several child custody and divorce cases. As a mediator, I also mentored other law students and assisted in their certification as Domestic Relations Mediators. Additionally, while in law school I participated in projects involving counseling tenants during eviction hearings, aiding domestic abuse victims in obtaining protective orders, and volunteered to assist the legal counsel of a domestic abuse shelter.

3.  Once admitted to practice law in Illinois at least 80 percent of my caseload has consisted of police misconduct, employment discrimination, and retaliatory discharge cases. I am admitted to the General Bar for the Northern District of Illinois. During my first year as an associate, I have participated in a jury trial in federal court for police misconduct.

4.  All fees that have been included are reasonable, actually expended, and necessarily incurred.

5.  My total billing spent related to my hours incurred equals $437.50 for my work.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Chicago, Illinois, this 18th day of August, 2008.

_____
Leslie C. McCoy